UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER CALLIA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5856** |
| **STATE FARM FIRE AND CASUALTY CO.** | **SECTION "L" (5)** |

### ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 6). For the following reasons, the Plaintiffs' motion is DENIED.

### I.     BACKGROUND

This case arises out of an insurance dispute regarding property damage following Hurricane Katrina. On August 4, 2006, the Plaintiffs filed suit in Civil District Court for the Parish of Orleans, State of Louisiana, alleging that the Defendant has arbitrarily failed to provide payment for certain claims made under the Plaintiffs' homeowner's insurance policy. The Defendant timely removed the case to this Court on September 12, 2006, asserting diversity jurisdiction under 28 U.S.C. § 1332.

### II.    PRESENT MOTION

The Plaintiffs move to remand this case to state court and argue that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because the $75,000 amount-in-controversy requirement is not satisfied.[1] The Plaintiffs rely on a property damage estimate by Winston Wood, an independent adjuster, concluding that the Plaintiffs have suffered approximately

---

[1] The parties agree that complete diversity exists.

1

$17,000 in property damage. *See* Pls.' Mot. to Remand Ex. 1. Accordingly, the Plaintiffs argue that the amount-in-controversy does not exceed $75,000, even considering attorneys fees and bad faith penalties.

The Defendant argues that the $75,000 amount-in-controversy requirement is satisfied and that diversity jurisdiction exists. The Defendant argues that the Plaintiffs are insured for "building coverage" in the amount of $146,910 and "contents coverage" in the amount of $21,840. To date, the Defendant states that it has paid the Plaintiffs a total of $11,132.37 under the terms of their homeowner's policy. This leaves a difference of $157,627.63 between the policy limits and the amount paid to the Plaintiffs. The Defendant also notes that, in addition to the above sums, it may be liable for the actual loss sustained for any lost rental income.

### III.    LAW & ANALYSIS

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). "When the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet statutory requirements. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). "Removal, however, cannot be based on simply conclusory

allegations." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

"Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006). If the plaintiff fails to do this, and the defendant meets its burden of showing the amount in controversy, the plaintiff cannot defeat removal. *See id*. In this case, the Plaintiffs have not made such a stipulation and the Court finds that the Defendant has demonstrated that the amount-in-controversy exceeds $75,000. Accordingly, IT IS ORDERED that the Plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, this   29th   day of November, 2006.

_____
UNITED STATES DISTRICT JUDGE